USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1677 PATRICIA SKODRAS, Plaintiff, Appellant, v. JOHN J. CALLAHAN, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Timothy M. Boudewyns, U.S. Magistrate Judge] Before Stahl, Circuit Judge, Coffin, Senior Circuit Judge, and Lipez, Circuit Judge.    Donna M. Nesselbush and Green, Greenberg & Nesselbush on brieffor appellant. Margaret E. Curran, United States Attorney, Michael P.Iannotti, Assistant U.S. Attorney, and Wayne G. Lewis, AssistantRegional Counsel, on brief for appellee.March 25, 1999    Per Curiam. Claimant Patricia Skodras appeals from a district court judgment affirming the decision of the Commissioner of Social Security that she was not entitled to disability benefits. We have carefully reviewed the record and claimant's contentions on appeal and conclude that the judgment must be affirmed essentially for the reasons stated in the February 26, 1998 Memorandum and Order of the magistrate judge.  We add only the following comments. Claimant's arguments that the administrative law judge (ALJ) ignored the opinions of her treating physicians and instead relied on his own lay opinion in determining that she was not disabled proceed on the assumption that to constitute "substantial gainful activity" for the purpose of deciding whether a claimant was disabled during a particular period, work performed during that period must have been executed on a full-time basis. However, the Social Security regulations specifically state that "[y]our work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before."  20 C.F.R. § 404.1572(a) (emphasis added). Claimant has not adequately addressed this regulation. Once it is established that part-time work may constitute substantial gainful activity, it becomes obvious that the ALJ, in fact, relied on claimant's treating physician's opinions in making the determination that claimant's impairment had not lasted for a continuous period of not less than 12 months. See 42 U.S.C. § 423(d)(1)(A).  Specifically, the ALJ pointed to Dr. Shulman's opinion that as of April 28, 1994, claimant was capable of performing part-time work. Indeed, claimant herself, on April 28, had stated that she was capable of returning to part-time work. Finally, there was substantial evidence in the record to support the ALJ's implicit conclusion that the part-time work claimant performed, in fact, constituted substantial gainful activity. Claimant therefore did not meet her burden of showing that she was not engaged in substantial gainful activity during the time in question. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  Further, Dr. Shulman, in January 1994, had opined that claimant might be better off working. This opinion, of course, implicitly assumes that claimant was well enough to tolerate work. Finally, the RFC assessment completed in December 1993 is compatible with the conclusion that claimant could perform sedentary work as of that date. Thus, there is evidence, that even prior to May 1994, claimant had the capacity to resume her former job on at least a part-time basis. That Dr. Dec might have disagreed with these assessments is not dispositive since conflicts in the evidence are for the Commissioner, not the courts. See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1stCir. 1981). The judgment of the district court is affirmed. SeeLocal Rule 27.1.